RACHEL E. KAUFMAN (Cal. Bar No. 259353)
KAUFMAN P.A.
237 S. Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
rachel@kaufmanpa.com
*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN TAYLOR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLIENT PROTECTION GROUP LLC,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR INJUNCTION AND DAMAGES**<br><br>**Class Action**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Robin Taylor, by her undersigned counsel, for this class action complaint against defendant Client Protection Group LLC ("Defendant" or "Client Protection"), and its present, former, and future direct and indirect parents, subsidiaries, affiliates, agents, and related entities, alleges as follows:

**I. INTRODUCTION**

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of

1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. The Plaintiff has alleged that Client Protection marketed its goods and services through the use of a telemarketing campaign of text message calls despite not having the requisite consent to contact those individuals who, like the Plaintiff, were listed on the National Do Not Call Registry.

3. Because telemarketing campaigns use technology capable of generating thousands of similar calls per day, Plaintiff has brought suit on behalf of a proposed nationwide class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## II. PARTIES

5. Plaintiff is a resident of Florida.

6. Defendant Client Protection Group LLC is a limited liability company that is registered to do business in California and has a principal place of business in this District.

## III. JURISDICTION AND VENUE

7. This Court has federal-question subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute.

8. This Court has personal jurisdiction over Defendant because it has its principal place of business in this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the sending of the challenged telemarketing—occurred in this District and Defendant resides here.

## IV. FACTS

### A. The Enactment of the TCPA and the FCC's Regulations Thereunder

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

### A. Client Protection's Telemarketing Conduct

15. Client Protection makes calls through telemarketing text messages to numbers even though they are on the National Do Not Call Registry.

16. Recipients of these calls, including Plaintiff and proposed class members, had not provided prior express written consent to receive them.

17. Client Protection's calls at issue were not necessitated by an emergency.

18. Client Protection's calls at issue were made to numbers within the United States.

19. Sending these text message calls is profitable for Client Protection because sending scripted *en masse* messages does not take nearly the time and money it would take to lawfully contact each of the call recipients.

20. Client Protection's Better Business Bureau page highlights some of its other cold calling practices:

> Company cold-called me 2/2/2021 from **************** offering to help get me out of a timeshare they *thought* i might own.Being on the *** list, i challenged my caller, ****, about how he came to call me and what existing business relationship we might have that would legally allow him to call me (i've never heard of them before, so, no, there is no previous relationship). He had no info on any business relationship and said a random-number dialer sent him to my phone. The implication was they just took a chance that they'd find people who owned timeshares.**** didn't seem to grasp that this was a flagrant violation of the *** law, though he offered to remove my number (i tried to explain his company was supposed to have ALREADY removed it by filtering out numbers on the latest *** list -- pretty basic legal stuff for anyone doing telemarketing).BUT... he did proudly point out that his company is an accredited member of the BBB. If this is how an A+ business acts, imagine what kind of outlaws you'd encounter if a business had a failing A rating.i've filed a *** violation report with my state atty general's office.

*See* https://www.bbb.org/us/ca/santa-ana/profile/timeshare-advocates/client-protection-group-llc-1126-172015295/customer-reviews (Last Viewed February 12, 2022).

**B.   Defendant's Telemarketing Text Messages to Plaintiff**

21. The Plaintiff's phone number, (941) 224-XXXX, has been on the National Do Not Call List since January 9, 2009.

22. The number is used by the Plaintiff for personal purposes.

23. The number is not associated with a business.

24. Despite the foregoing, the Plaintiff received the following text messages on September 17, 2021 and September 29, 2021:



25. The text messages all promoted the Defendant's services.

26. Indeed, by clicking on the link in the text message provided, the following image appears:



- 5 -
COMPL. INJUNCTION AND DAMAGES
*Taylor v. Client Protection Group LLC*

27. Plaintiff is not and has never been a customer of Defendant.

28. Plaintiff has never provided prior express written consent to receive calls from the Defendant.

29. Plaintiff and other putative class members were injured and had their privacy violated by the unsolicited calls.

## V. CLASS ACTION ALLEGATIONS

30. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

31. Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

32. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **National Do Not Call Registry Class**: All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint through the date of trial.

33. The Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as she has no interests that conflict with any of the Class members.

34. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy.

35. This Class Action Complaint seeks injunctive relief and money damages.

36. The Class as defined above are identifiable through dialer records, other phone records, and phone number databases.

37. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in the Class.

38. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

39. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

40. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the claims predominate over questions which may affect individual class members because of the uniformity of the telemarketing conduct.

41. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether multiple telemarketing telephone calls were made promoting the goods or services to members of the National Do Not Call Registry Class;

(b) whether the telemarketing calls at issue were made to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

42. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff

and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

43. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or their agents.

44. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## VI.   CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act
(47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(c))
on behalf of the National Do Not Call Registry Class**

45. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

46. Defendant violated the TCPA and the Regulations by making, or having their agent make, two or more telemarketing calls within a 12-month period on Defendant's behalf to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

47. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

48. Plaintiff and Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

49. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from making telephone calls advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future;

B. As a result of Defendant's negligent, willful and/or knowing violations of 47 C.F.R. § 64.1200(c), Plaintiff seek for herself and each member of the Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

## VIII. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED on February 15, 2022.

By: */s/ Rachel E. Kaufman*
RACHEL E. KAUFMAN (Cal. Bar No. 259353)
KAUFMAN P.A.
237 S. Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff and the Proposed Class*

- 10 -
COMPL. INJUNCTION AND DAMAGES
*Taylor v. Client Protection Group LLC*